# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

THOMAS EUGENE THRASH, #255519, :

    Plaintiff, :

vs. : CIVIL ACTION 13-00579-CG-B

CYNTHIA STEWART, :

    Defendant. :

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. After this action was transferred to this Court, it was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I. Complaint. (Doc. 1)**

Plaintiff names as the sole Defendant, Cynthia Stewart, Warden of G.K. Fountain Correctional Center. (Doc. 1 at 7). His claim against her reads as follows: "Inhumanity of not helping sick inmates. No grievance procedure." (Id.). The date given for the incident is August 10, 2013. (Id. at 6, 7).

The facts offered in support of his claim are as follows. During the period of time from July to August, when Plaintiff returned from the hospital after having surgery to amputate his foot, the officers, particularly Lieutenant Lane, told him not to bother them with his request for his clothes and hygiene articles. (Id.). Thus, for three weeks, Plaintiff wore the same clothes, and was concerned because he did not want to catch staph. (Id. at 6, 11). While Plaintiff eventually received some clothes after three weeks, he did not receive a towel, a washrag, or shower slides. Thus, he was forced to borrow these items. (Id. at 11).

Plaintiff had a second surgery in August.(Id.). Afterwards, the health care providers sent Plaintiff into population where no handicap "accessory" is provided. (Id.). When Plaintiff returned to population, it took him about five days to retrieve what little property he had except that he was unable to find his borrowed towel and washrag. (Id.). Moreover, they did not give him tape or a bag so he could keep his bandage and foot dry. (Id.).

Plaintiff claims that the showers are nasty and that he does not have shower slides. (Id. at 12). Plaintiff also claims that the doctor told him that his foot was taking longer to heal because it had gotten wet. (Id.). Moreover, Plaintiff claims

2

that he has not received pain medicine or antibiotics.(Id.). Plaintiff also asserts that he fought for this surgery for over three years, and following his surgery, he has not received any help from the health care providers at the institution. (Id.).

For relief, Plaintiff requests hygiene items, clean clothes, a grievance system for inmates, and $1.2 million for anguish and suffering. (Id. at 9).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S.

3

544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a pro se litigant's allegations, a court holds them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats factual allegations as true, but

4

not conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

In this action, it is incumbent on Plaintiff to state a plausible claim upon which relief can be granted against Defendant Stewart. In order to state a § 1983 claim, a plaintiff must causally connect a defendant's actions, omissions, customs, or policies to a deprivation of his constitutional or federal rights. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (same), cert. denied, 464 U.S. 932 (1983). With respect to a supervisor, § 1983 liability occurs when the supervisor "personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013) (quotation omitted). This "causal connection can be established in a variety of circumstances, including where the supervisor's policy or custom resulted in

5

deliberate indifference." Key v. Lundy, 2014 WL 1799800, at *2 (11th Cir. May 7, 2014) (unpublished). On the other hand, it is well-established law that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). "The standard by which a supervisor is held liable in [her] individual capacity for the actions of a subordinate is extremely rigorous." Id. (quotation omitted).

A careful review of Plaintiff's factual description of his claim reveals that it is devoid of any reference to Defendant Stewart. In this instance, this absence precludes Plaintiff from showing any direct involvement by Defendant Stewart in his claims, as the matters described do not typically involve a warden. Furthermore, no policy or custom of Defendant Stewart is identified in Plaintiff's description. In fact, most of the allegations concern Plaintiff's medical care.

Plaintiff's allegations do not show that Defendant Stewart, as a warden, has authority over Plaintiff's medical care. Moreover, even if Plaintiff was attempting to allege that Defendant Stewart had authority over the medical providers and their decisions, liability against Defendant Stewart cannot be imposed on such a theory because she cannot be held liable for

6

subordinates' conduct on a theory of respondeat superior or vicarious liability. Cameron v. Allen, 525 F. Supp.2d 1302, 1307 (M.D. Ala. 2007) ("The law does not impose upon correctional officials a duty to directly supervise health care personnel, to set treatment policy for the medical staff or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong."). And, Plaintiff's facts do not show that Defendant Stewart knew of a constitutional wrong being suffered by Plaintiff at the hands of medical personnel.

Plaintiff's allegations concerning his living conditions, following his surgeries, do not reflect that Defendant Stewart was aware of them or involved in them, although with respect to those allegations, he does mention another officer by name. Thus, for several reasons, Plaintiff has not stated a claim against Defendant Stewart based on those conditions. That is, there are no facts alleged from which it can be inferred that Defendant Stewart was deliberately indifferent to a risk of serious harm. Franklin v. Curry, 738 F.3d 1246, 1250 (11th Cir. 2013) (the second element of a conditions of confinement claim requires the plaintiff to establish that the defendant was deliberately indifferent). Further, the necessary causal connection for stating a § 1983 claim is also not present.

7

Zatler, 802 F.2d at 401 (in order to state a § 1983 claim, a plaintiff must causally connect a defendant's actions, omissions, customs, or policies to a deprivation of his constitutional or federal rights). Furthermore, the conditions and the responses thereto are not something that a warden would typically be involved in and, therefore, it appears that Plaintiff is seeking to hold Defendant Stewart liable for the actions of subordinates. Cottone, 326 F.3d at 1360 (However, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.").

Turning to Plaintiff's allegation that no handicap "accessory" was available, this allegation is vague and conclusory and, therefore, does not state a plausible claim. Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 716 (11th Cir. 2013) ("threadbare assertions of alleged constitutional violations, without further factual support, are insufficient to state a claim for relief")[1]; Iqbal, 556 U.S. at 678, 129 S.Ct.at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

8

alleged."); Twombly, 550 U.S. at 555, 127 S.Ct. at 1965 ( The minimum pleading standards "require[ ] more than labels and conclusions"). This bald allegation does not state a plausible claim.

Finally, Plaintiff's assertion that no grievance procedure is available, and his request for the establishment of a grievance procedure is not a plausible claim. (Doc. 1 at 7, 9) A grievance system is not required by the Constitution. Thomas v. Warner, 237 F. App'x 435, at **2 (11th Cir. 2007) (unpublished) (agreeing "with other circuits that have decided that a prisoner does not have constitutionally-protected liberty interest in an inmate grievance procedure"); Baker v. Rexroad, 159 F. App'x 61, at ** 1 (11th Cir. 2005) (unpublished) (agreeing with other Circuits that grievance proceedings are not constitutionally mandated), cert. denied, 549 U.S. 840 (2006); Adams v. Rice, 40 F.3d 72, 75 (4th Cir.) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."), cert. denied, 514 U.S. 1022 (1995). Accordingly, Plaintiff's request for a grievance system fails to state a claim upon which relief can be granted.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that

this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4.  The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings."  Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this **8th** day of **August, 2014.**

                                            /s/Sonja F. Bivins      
                                     **UNITED STATES MAGISTRATE JUDGE**